UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Gerome Fripp, | ) | Crim. No.: | 4:08-cr-00275-RBH |
| --- | --- | --- | --- |
| | ) | Civ. No.: | 4:16-cv-02461-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner Gerome Fripp's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF Nos. 233 & 239. The Government has filed a motion to dismiss. *See* ECF No. 248. The Court denies Petitioner's § 2255 motion and grants the Government's motion to dismiss for the reasons herein.[1]

## **Background**

In December 2008, a federal grand jury returned a four-count superseding indictment charging Petitioner with violations of 21 U.S.C. § 846 (Count One), 18 U.S.C. §§ 2, 1951 (Count Two), 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Three), and 18 U.S.C. §§ 2, 924(c)(1)(A), (j) (Count Four). *See* ECF No. 95. Petitioner's charges stemmed from the shooting murder of Vincent Wilson (a drug dealer) in February 2005. In March 2009, Petitioner pled guilty pursuant to a written plea agreement to Count

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010) (discussing § 2255(b)). The Court is mindful of its duty to liberally construe Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

1

Four. *See* ECF Nos. 141–43, 166. In June 2009, the Court sentenced Petitioner to twenty-five years' imprisonment based upon the parties' stipulation in the plea agreement, *see* Fed. R. Crim. P. 11(c)(1)(c). *See* ECF Nos. 141, 151, 155, & 169. Judgment was entered on June 12, 2009. *See* ECF No. 155. Petitioner filed a direct appeal, and the Fourth Circuit affirmed in part and dismissed in part. *See* ECF Nos. 153 & 175; *see also United States v. Fripp*, No. 09-4541, 2010 WL 283043 (4th Cir. Jan. 25, 2010). In 2010, Petitioner filed a pro se § 2255 motion, which this Court dismissed with prejudice in 2011. *See* ECF Nos. 178, 218, & 219; *see also Fripp v. United States*, No. 4:08-cr-00275-RBH-1, 2011 WL 13224092 (D.S.C. Mar. 16, 2011), *appeal dismissed*, *United States v. Fripp*, 455 F. App'x 358 (4th Cir. 2011), *cert. denied*, *Fripp v. United States*, 568 U.S. 874 (2012).

On June 24, 2016,[2] Petitioner (proceeding pro se) filed a motion in the Fourth Circuit seeking authorization to file a second or successive § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), as made retroactive by *Welch v. United States*, 136 S. Ct. 1257 (2016). *See* ECF No. 233; *see also In re Fripp*, No. 16-9739, at ECF No. 2 (4th Cir. docketed June 28, 2016). On July 7, 2016, the Fourth Circuit granted the motion,[3] and Petitioner's instant § 2255 motion was docketed the same day.[4] *See* ECF Nos. 232 & 233. The Government filed a response in opposition and a motion to dismiss. *See* ECF Nos. 247 & 248. Petitioner filed a response in opposition to the Government's motion, a motion requesting appointment of counsel, and supplemental briefing. *See* ECF Nos. 252, 254, & 255.

---

[2]  Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

[3]  In its July 7, 2016 order, the Fourth Circuit stated: "We express no view regarding the timeliness of any § 2255 motion filed pursuant to this grant of authorization." ECF No. 231 at p. 1.

[4]  The Clerk docketed the motion that Petitioner had filed in the Fourth Circuit, and Petitioner subsequently filed a formal § 2255 motion on the Court's standard form. *See* ECF No. 239.

2

**Legal Standard**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence. For a court to vacate, set aside, or correct a sentence, a petitioner must prove one of the following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

**Discussion**

Petitioner challenges his § 924(c) and (j) conviction in Count Four by arguing the Hobbs Act offense charged in Count Two (attempted robbery while engaged in drug trafficking) is not a predicate "crime of violence" in light of *Johnson* and *Welch*, *supra*. *See* ECF Nos. 233, 239, 252, & 255. The Government moves to dismiss Petitioner's § 2255 motion by arguing that it is untimely and that his § 924(c) and (j) conviction stands despite *Johnson*/*Welch* because it was premised upon *both* a drug trafficking crime *and* a crime of violence. *See* ECF Nos. 247 & 248.

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence *or* drug trafficking crime," or possessing a firearm "in furtherance of any such crime." 18

U.S.C. § 924(c)(1)(A) (emphasis added).[5] "[T]he term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. [§§] 801 et seq.) . . . ." 18 U.S.C. § 924(c)(2).

> In *Johnson*, the Supreme Court held that the definition of "violent felony" found in the residual clause of the Armed Career Criminal Act is unconstitutionally vague. 135 S.Ct. at 2557. That clause defines a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Section 924(c) similarly contains a residual clause that defines a "crime of violence" as any felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

*United States v. Hare*, 820 F.3d 93, 105 n.10 (4th Cir. 2016). The Fourth Circuit recently held the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc). **However,** "[t]he drug trafficking portion of § 924(c)(2) does not contain a residual clause, and states with particularity which charges will serve as underlying crimes for a § 924(c) conviction." *United States v. Virgil Johnson*, No. 3:12-cr-00850-CMC-3, 2018 WL 2063993, at *3 (D.S.C. May 3, 2018) (same), *appeal dismissed*, 740 F. App'x 301 (4th Cir. 2018).

In this case, Petitioner's § 924(c) and (j) conviction was predicated on **both** "drug trafficking crimes **and** a crime of violence," as charged in Count Four. ECF No. 95 [Superseding Indictment] at p. 4 (emphasis added). During the plea colloquy, the Court reviewed the elements of the offense with Petitioner—the first element being that he "committed a drug-trafficking crime *or* crime of violence"—and Petitioner admitted to the elements of the offense. ECF No. 166 [Plea Transcript] at

---

[5] "Section 924(j) provides that a person, who in the course of violating 18 U.S.C. § 924(c) causes the death of a person through the use of a firearm, shall, if the killing is a murder, be punished by death or by imprisonment for any term of years or for life." *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007) (citing 18 U.S.C. § 924(j)).

4

pp. 16–17 (emphasis added). The Government provided the factual basis for Petitioner's guilty plea, and this factual basis included both the Hobbs Act offense charged in Count Two ***and the drug trafficking crimes charged in Counts One and Three—namely, violations of 21 U.S.C. §§ 841 and 846.***[6] *Id.* at pp. 26–30. Petitioner informed the Court that he agreed with the Government's factual summary, and the Court found his plea was "supported by an independent basis in fact containing each of the essential elements of the offense." *Id.* at p. 30; *see generally Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("The representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."). Thus, even assuming *arguendo* that the Hobbs Act offense charged in Count Two is not a crime of violence, Petitioner's § 924(c) and (j) conviction remains valid because it rests on the drug trafficking crimes charged in Counts One and Three. *See, e.g.*, *Hare*, 820 F.3d at 105–06 (rejecting the defendant's *Johnson* challenge and upholding a § 924(c) conviction because it was based on *both* a drug trafficking crime and a crime of violence); *Virgil Johnson*, 2018 WL 2063993, at *3 (same). Accordingly, Petitioner is not entitled to relief under *Johnson* or its progeny (including the Fourth Circuit's decision in *Simms*, *supra*).[7]

    Moreover, as the Government argues, Petitioner's § 2255 motion is untimely. Section 2255 motions are subject to a one-year statute of limitations, which begins running from the latest of, *inter*

---

[6]     Specifically, regarding Count One (an § 846 conspiracy involving marijuana), the Government explained, "Mr. Fripp was supplying Winston Syndab [who was Petitioner's accomplice in the shooting] with marijuana." Plea Tr. at p. 27. Regarding Count Three (attempt to possess with intent to distribute 500 grams or more of cocaine), the Government explained that Petitioner and Syndab decided to rob the victim of his cocaine. *Id.* The Presentence Report ("PSR") adopted by the Court contains a similar factual summary. *See* PSR at ¶¶ 9–16.

[7]     Also, "attempted Hobbs Act robbery is a valid crime of violence under the Force Clause [of 18 U.S.C. 924(c)(3)(A)] because it invariably requires the actual, attempted, or threatened use of physical force." *United States v. Smith*, 2019 WL 1810983, at *4 (E.D. Va. Apr. 24, 2019) (citing *United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018)).

5

*alia*, "(1) the date on which the judgment of conviction becomes final" or, at issue here, "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f). As indicated above, *Johnson* and *Welch* are inapplicable, and therefore the statute of limitations began running the date that Petitioner's judgment of conviction became final. "Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal." *United States v. Walker*, 194 F.3d 1307, 1999 WL 760237, at *1 (4th Cir. 1999) (unpublished table decision) (citing *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), and *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)); *see also United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires."). At the time Petitioner's judgment was entered (June 12, 2009), he had ten days to file a notice of appeal. *See United States v. Urutyan*, 564 F.3d 679, 683 (4th Cir. 2009) (citing Fed. R.App. P. 4(b)(1)(A)).[8] Petitioner did not file a direct appeal, so his judgment of conviction became final on June 22, 2009, which was ten days after judgment was entered. Petitioner filed his instant § 2255 motion seven years later (in June 2016), and therefore it is untimely.[9] *See, e.g.*, *United States v. Baylor*, 2019 WL 1810981, at *2–3 (E.D. Va. Apr. 24, 2019) (finding a successive § 2255 motion was untimely in similar circumstances). The Court will deny Petitioner's § 2255 motion.

---

[8] Rule 4(b)(1)(A) now provides for *fourteen* days.

[9] Also, Petitioner has not demonstrated a circumstance warranting the extraordinary remedy of equitable tolling. *See generally Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (discussing equitable tolling).

6

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

**Conclusion**

The Court **GRANTS** Respondent's motion to dismiss [ECF No. 248], **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF Nos. 233 & 239], and **DENIES** Petitioner's motion to appoint counsel [ECF No. 254]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
June 5, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge